## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JANET BATCHELOR

    PLAINTIFF, PRO SE

    v.

COMMISSIONER ADREA FREUD, in her
Official capacity, JUDGE NOEL EASON PRIMOS,
in his official capacity, SUSAN JUDGE, Court
Administrator of Delaware Superior Court, in her
Official capacity, MELANIE EWING-LAHUTSKY, Kent
County Court Administrator, in her official capacity,
AMY QUINLAN, State Court Administrator, in her
Official capacity, JOHN MCNEAL, State of Delaware
ADA Coordinator, in his official capacity,   KENT
COUNTY DELAWARE SUPERIOR COURT
PROTHONATARY.

    DEFENDANTS

Civ. Action No. 1 9 - 1 2 4 3

**COMPLAINT**

(Pro Se)

### INTRODUCTION

1. Plaintiff, Janet Batchelor, alleges that the Defendants have repeatedly and intentionally
   violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. by denying

her access to the court, failing to provide reasonable accommodations for her hearing disability and retaliation for filing complaints, from April 2018 to present.

2. Under Title II of the ADA, public entities, cannot exclude qualified individuals with disabilities, such as Plaintiff, or deny them the benefits of services, programs and activities, and cannot otherwise discriminate against them.  42 U.S.C. 12132.  The Title II regulation found at 28 C.F.R. Part 35 implements the statute's broad nondiscrimination mandate and requires public entities to make reasonable modifications to policies, practices, and procedures where necessary to avoid discrimination unless the entity can demonstrate that making such modifications would fundamentally alter the entities services, programs or activities. See 28 C.F.R. 35.130 (b) (7).

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 42 U.S.C. 12133 and under 28 U.S.C. 1391. This Court has the authority to grant the relief sought and the Venue is proper in this judicial district because all of the events or omissions giving rise to this cause of action took place within Kent County Delaware.

## PARTIES

4. **PLAINTIFF**

      Janet Batchelor, Pro Se

      142 Turner Dr. Dover DE 19904, PH: 484-433-1669, janetgail 1359@yahoo.com

2/15

**DEFENDANTS**

5. Commissioner Andrea Freud

    Kent County Courthouse, 414 Federal St.  Dover DE 19901


6. Judge Noel Eason Primos

    Kent County Courthouse,  414 Federal St.  Dover  DE 19901


7. Susan Judge, Court Administrator of Superior Court Delaware

    Leonard L. Williams Justice Center, 500 N. King St. Suite 2850 Wilmington DE 19801


8. Melanie Ewing-Lahutsky, Court Administrator Kent County

    Kent County Courthouse, 414 Federal St. Dover DE 19901


9. Amy Quinlan, State Court Administrator

    The Renaissance Centre, 405 N. King St. Suite 507  Wilmington DE 19801


10. John McNeal, State of Delaware ADA Coordinator

    410 Federal St. Dover DE 19901


11. Kent County Delaware Superior Court Prothonotary

    Kent County Courthouse,  414 Federal St.  Dover DE 19901

## FACTS

12.    November 1, 2017. I filed a civil breach of contract complaint in Superior Court Kent

County Delaware. C.A. NO. K17C-11-001.

13.    On April 28, 2018, prior to the first hearing, I wrote to the court requesting real-time

transcription or an assistive listening device due to my hearing impairment.

14.    On April 30, 2018 I received an email from Mei-Ling Cosgrove, Civil Judicial

operations manager, saying I would be provided a hearing amplification device for

the hearing on May 18, 2018.  It was the only accommodation that could be provided

and only upon request.

15.    The device failed to operate at the May 18, 2018 hearing and I immediately brought this

to the attention of Judge Primos who instructed the bailiff to check the device as the

hearing continued.  The device worked sporadically during the hearing.  As a result I

was unable to hear or understand much of what was said.

16.    The ADA subsection 35.130 (a) clearly states that "No qualified individual with a

disability shall, on the basis of disability , be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be

subjected to discrimination by any public entity."

17.    In June of 2018, the defendants filed a Motion to Dismiss For Plaintiff's Failure to

Obtain Legal Counsel, to be heard on July 11, 2018.

18.    When filing my opposition to the motion, in person, I spoke to Adrienne Bailey, in the

Prothonotary's Office, regarding the failure of the amplification device at the hearing

on May 18, 2018.

19.    I requested an alternative accommodation and Ms. Bailey told me that no other

accommodation could be provided.

20.    The amplification device again failed to operate at the July 11, 2018 hearing. I again

Brought this to the attention of Judge Primos, while observing opposing counsel, Michael

Rushe gesturing in disgust at the interruption.

21.    I was provided with another device which also soon failed to operate and I again was

unable to hear or understand what was being said throughout the remainder of the

hearing, which was long.

22.    Toward the end of the hearing on July 11, 2018, Adrienne Bailey, the court's assistant

dictated the scheduling order from her position in the courtroom which did not have

a microphone. Even if the amplification had been working, which it was not, I would

not have been able to hear what she was saying because she did not have a microphone.

23.     Soon after the July 11th hearing I met again with Ms. Bailey while filing a motion

to amend my complaint and again requested an alternative accommodation. She was

present for and aware of the multiple communication failures yet continued to insist the court could provide no other accommodations.

24.    Failing to provide a needed accommodation is an act of discrimination under the ADA. Further, under the ADA subpart E 35.160 (b) (2) " The type of auxiliary aid or service Necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length and complexity of the communication involved; and the context in which the communication is taking place. in determining what types of auxiliary and aid and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities.  In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

25.    On August 30, 2018, I attended a hearing, before Commissioner Freud, being held in regard to my Motion to Amend.  The amplification device again failed to work, yet the hearing was allowed to continue without my participation or being able to hear or understand what was being discussed.

26.    During two more Motion hearings in September and November 2018, the devices, as usual, worked only sporadically.

27.     The ADA subsection 35.133 provides that a public entity shall maintain in operable
        working  condition those features of facilities and equipment that are required to be
        readily accessible to and usable by persons with disabilities by the Act or this part.

28.     Judge Primos, Commissioner Freud and court personnel were deliberately indifferent
        To the failure of the amplification device during five hearings preventing me from
        obtaining due process and participation in the court proceedings due to my disability as a
        qualified individual.

29.     On January 6 , 2019 I wrote to President Judge Jan Jurden, requesting that she intervene,
         describing the humiliation I had suffered due to my disability and my  inability to fully
        participate in the hearings.

30.     On January 17, 2019 I received a phone call from the State Court Administrator, Susan
        Judge and the Kent County Court Administrator, Melanie Ewing-Fahutsky.  Both
        expressed apologies for the humiliation I had suffered but offered no solutions.

31.     During the call Ms. Fahutsky suggested that if the amplification device were to fail
        during a future proceeding, that I should leave the hearing and walk down to her office
        to report the problem directly to her.

32.     Shocked by Ms. Fahutsky's suggested accommodation, I than strongly requested that I
        be provided C.A.R.T. services during the next proceeding.

33.     Ms. Judge and Ms. Fahutsky said that they would look into my request.

34.     On January 22, 2019 I sent a letter to the Court Administrator describing the phone
        conversation and requesting the contact information for the ADA Coordinator and
        information regarding the grievance procedure.  I did not receive a response.

35.     On January 23, 2019 I wrote to John McNeal, ADA Coordinator for the State of

Delaware, requesting information on obtaining reasonable accommodations for court appearances.

36.  In exchanging emails, a telephone conversation and a in person meeting at the Courthouse, Mr. McNeal confirmed that ; 1) The Courts in Delaware and most other public entities in the State were knowingly and intentionally in violation of the Americans with Disabilities Act, 2) The Court had no ADA coordinator or grievance procedure and 3) stated that he was unable to assist in any way because he was an employee of the State of Delaware.

37.  On February 1, 2019, in anticipation of further proceedings. I personally hand delivered to Adrienne Bailey at the Prothonotary's Office, a written request for C.A.R.T accommodations during further proceedings.

38.  This written request for an alternative accommodation due to the repeated failures of the amplification system previously provided for five  hearings, was then docketed, published, in its entirety in violation of the ADA confidentiality requirement, and in retaliation for exercising my rights under the ADA.

40.  I strongly protested the publishing of my confidential information and accommodation request pointing out that it was a violation of ADA Title II.

39.  I received a letter from Susan Judge on February 12, 2019 indicating that she, Melanie Fahutsky, Adrienne Bailey and John McNeal were interfering with my ability to obtain accommodations as a qualified individual under the ADA and retaliating in response to my efforts to secure those rights.

40.    A request for reasonable accommodation for a disability by a qualified individual constitutes protected activity Under the ADA, and therefore retaliation for such a request is unlawful.

41.    Under ADA subsection 35.134 "prohibits retaliation against any individual who exercises his or her rights under the Act."    Paragraph (a) provides that no private or public entity shall discriminate against any individual because that individual has exercised his or her right to oppose any act or practice made unlawful by this part or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceedings, or hearing under the Act or this part.  Paragraph (b) provides that no private or public entity shall coerce, intimidate, threaten or interfere with any individual in the exercise of his or her rights under this part or because that individual aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by the Act or this part.

42.    On March 9, 2019, while filing a Motion in the Prothonotary's Office, Melanie Lahutsky, asked to speak with me in her office.

43.    During this meeting she asked personal and invasive questions regarding my disability, in Violation of ADA Title II regarding unnecessary inquiries.  She also informed me that as yet she had been unable to obtain C.A.R.T. accommodations for the hearing which was now only six days away.

44.    Ms. Lahutsky attempted to coerce me into agreeing to accept the amplification device instead of the C.A.R.T. services for the hearing scheduled for March 14, 2019.  When I declined she threatened to have the hearing postponed.

45.  As of March 9, 2019, the date of the impromptu meeting with Ms. Lahutsky, it had been nearly eleven months since my first written request for C.A.R.T. accommodations and six weeks since my second written request on February 1rst. My choice of accommodations was still being denied, in spite of the fact that the faulty accommodation provided by the court failed repeatedly during <u>five</u> separate, previous hearings, effectively denying me access to those proceedings.

46.  The ADA requires, in subsection 35.160 Paragraph (b) (1) "… the public entity to furnish appropriate auxiliary aids and services when necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, the public entity's services, programs or activity. <u>The public entity must provide an opportunity for individuals with disabilities to request the auxiliary aids and services of their choice.</u>

47.  A method for obtaining accommodations for court appearances in the State Courts of Delaware does not exist because no one person in the entire court system is designated as responsible to comply with the ADA, which is a violation in and of itself.

48.  ADA 35.107 Designation of responsible employee and adoption of grievance procedures.

    (a)  Designation of responsible employee. A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to it alleging its noncompliance with this part or alleging any actions that would be prohibited by this part. The public entity shall

make available to all interested individuals the name, office address, and telephone number of the employee or employees designated pursuant to this paragraph.

(b) Complaint Procedure. A public entity that employs 50 or more persons shall adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part.

49. On March 13, 2019, I received an email from Court Administrator Melanie Lahutsky stating the C.A.R.T. accommodations would be provided to me during the hearing to be held the next day, March 14, 2019.

50. The hearing was scheduled to commence at 2 pm before Commissioner Freud. I was instructed to arrive at 1:30 in order to meet with the C.A.R.T. captioner to receive instruction regarding the operation of the captioning device.

51. Regardless of arriving at the appointed time. I was unable to receive instruction from the C.A.R.T captioner, Teddy Jackson because at 1:30 Commissioner Freud began proceedings with another matter, unannounced.

52. With no pause my hearing was called and immediately had to be pause due to a technical problem with the C.A.R.T. equipment.

53. When the hearing resumed the captioning was displayed on a laptop monitor placed in front of me at the Plaintiff's table. The captioning could not be seen by anyone else in the courtroom.

54.   The captioner, Teddy Jackson, had been given no preparation by the Court or the Clerk's office.  She was unable to identify in the captioning who was speaking at any given time.  The words were often delayed and unintelligible.

55.   At the beginning of the hearing Commissioner Freud, with obvious distain, stated that she had never had a C.A.R.T. service in her courtroom before.  Later in the hearing she spent a great deal of time complaining about the cost of the service, which she said was an excessive $1,000.00 dollars because of the last minute request by the Court Administrator.  She mentioned that because the court was apparently forced to provide the service at great cost, that all parties should consider limiting their requests for proceedings and find a way to settle the matter as soon as possible.

56.   This tirade was not only humiliating to both me and the captioner, it was a violation of my Civil Rights, and had no relevance whatsoever to the matter at hand.

57.   The hearing lasted more than 90 minutes.  Toward the middle of the hearing Commissioner Freud directed me to stop reading from the captioning monitor and to look up at her. When I did, she held up a piece of paper, pointing to it and was apparently explaining something to me.  Without reading from the captioning monitor, which at that point I was not permitted to do, I could neither hear nor understand anything she was saying.  The Commissioner's deliberate indifference to my disability was astonishing and humiliating.

58.   The Commissioner made many improper and incorrect speculations regarding my hearing disability toward the end of the hearing, which had no relation to the matters being heard.

12/15

(a) Commissioner Freud speculated that my hearing disability could be a reason that opposing counsel claimed to have failed to communicate with me.

(b) She had a long discussion with opposing counsel regarding my hearing disability and their statutory obligations for providing accommodations in order to conduct a deposition. This conversation went on for at least ten minutes, as if I wasn't there and have no relevance at all to the matter at hand.

(c) She speculated that perhaps I would be able to hear in a smaller room and suggested that opposing counsel conduct meetings in a small room in an effort to avoid the expense of the C.A.R.T. accommodation.

(d) She speculated that my hearing disability prevented opposing counsel from making telephone calls to me.

(e) She demanded that I provide opposing counsel with ADA Title II during the hearing and included that demand in her order, docketed on March 15, 2019.

(f) Commissioner Freud stated at length that she had not read the ADA and was not aware of Federal law.

59. On March 19, 2019 I emailed the office of Amy Quinlan, State Court Administrator to explain that the C.A.R.T. services provided to me for the hearing on March 14, 2019 had been ineffective. I briefly explained the discrimination and retaliation that I experienced during that hearing.

60. In response, I received a retaliatory letter from Susan Judge, dated April 18, 2019.

## VIOLATION OF TITLE II OF THE ADA

61.    The allegations contained in the preceding paragraphs are incorporated by reference.

62.    The Defendants have, by reason of disability, excluded Plaintiff Janet Batchelor, from the benefits of, the services, programs and activities that the Court System provides to individuals without disabilities, and has otherwise discriminated and retaliated against her in violation of 42 U.S.C. ADA Title II.

63.    The Defendants and the Courts have denied effective communication to the Plaintiff, a qualified individual with a disability, through their failure to provide appropriate auxiliary aids and services, in violation of ADA Title II.

64.    The Defendants acted intentionally and with deliberate indifference and knew or should have known that they had not provided the benefit of its service, programs, and activities to Plaintiff and that they failed to provide effective communication accommodations during 6 court proceedings held over the 11 months between May 218 and March 2019.

65.    As a result of the Defendants discrimination and retaliation, the Plaintiff has suffered injuries including humiliation, frustration, distress, extreme anxiety and financial damages.

WHEREFORE, the Plaintiff, Janet Batchelor prays that the Court:

1.  Order compensatory damages, including damages for pain and suffering in an appropriate amount for the injuries suffered by Plaintiff as a result of the Defendants' failure to comply with the requirements of Title II of the ADA.

2.  Order such other appropriate relief as the interest of justice may require.

## CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated _July 1, 2019_

Respectfully submitted,

_Janet Batchelor_

Janet Batchelor, Plaintiff Pro Se
142 Turner Dr. Dover DE 19904
484-433-1669
Janetgail1359@yahoo.com